FILED
U.S. District Court
District of Kansas

NOV 3 0 2017

Clerk, U.S. District Court
By_____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

Plaintiff,

v.

Case No. 17-CR-10073-01-EFM

IAN NATHANIAL SMITH

Defendant.

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Jason W. Hart, and Ian Nathanial Smith, the defendant, personally and by and through his counsel, David J. Freund, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a) (Production of Child Pornography). By entering into this Plea Agreement, the defendant admits to knowingly committing the offense(s), and to being guilty of the offense(s). The defendant understands that the maximum sentence which may be imposed as to Count 1 is not more than thirty (30) years nor less than fifteen (15) years of imprisonment, a fine of up to $250,000, a period of supervised release for up to lifetime and not less than five (5) years, a $100 mandatory special assessment, and a $5,000 special assessment. The defendant further agrees to forfeit property or money to the United States.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

   In August 2016, the defendant Ian Nathanial Smith began communicating with a
   14 year old minor via Kik, Chat-Tango, and Skype. Using Skype, the defendant

Ver. 16-10

would engage the minor in live-streaming video communications during which the defendant would demand the minor perform sex acts and made arrangements to meet for further sexual activity. At the time of these communications, the defendant was in Kansas, and the minor was in Indiana. When the defendant was found (shortly after transporting the minor to two individuals in Ohio), law enforcement found his Motorola smartphone contained images of the minor engaged in sexually explicit conduct, created on April 17, 2017.

3. **Application of the Sentencing Guidelines.** The defendant understands the Court will use the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentencing range under the advisory Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range; however, the parties believe the applicable guideline range will be a 40/I box, or 292-365 months. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, and for his agreement to recommend a sentence within the applicable guideline range (believed to be 292-365 months), the United States Attorney for the District of Kansas agrees:

2

(a) to dismiss the remaining counts of the Indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment or original Indictment;

(c) to recommend the defendant receive the maximum reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility (believed to be a three-point reduction); and

(d) to recommend a sentence within the applicable guideline range (believed to be 292-365 months).

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United

States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Restitution.** The defendant understands that restitution may be requested by the victim (or the victim's custodian on the victim's behalf) in Count 1. However, no restitution request has been submitted by the victim at the time of this agreement. Thus, the parties make no agreement as to the amount of restitution which may be ordered for the victim in Count 1.

The defendant agrees to the entry of an order of restitution in the amount of $3,000 per victim for any victim associated with Counts 3 of the Indictment who may be identified *and* who request restitution prior to sentencing, with the caveat that if the total number of victims results in an amount of restitution exceeding $50,000 total, neither party shall be bound by this paragraph and the restitution amount will be litigated or renegotiated.

8. **Forfeiture of Assets.** The defendant abandons and otherwise agrees to the forfeiture of the following property to the United States: Motorola smartphone, seized on May 2, 2017. The defendant agrees that this property was used to commit or intended to be used in the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant

agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

9. **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

   (a) Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

   (b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

   (c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

   (d) Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

   (e) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f) Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g) If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h) Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i) Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address until the judgment debt is paid in full.

(j) Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k) Defendant agrees to be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

(l) Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

10. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

11. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. Additionally, unless the Court finds the defendant to be indigent, the Court shall impose an additional $5,000 Justice for Victims of Trafficking Act (JVTA) assessment, pursuant to 18 U.S.C. § 3014. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without

6

resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12. **Waiver of Appeal and Collateral Attack.** The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. As part of this agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waiver, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.

The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14.   **Full Disclosure by United States.**   The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15.   **Megan's Law/Adam Walsh Act Notice.**   The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

8

16. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

18. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____  Date: 11/30/2017
JASON W. HART
Assistant United States Attorney

_____  Date: 11/30/17
BRENT ANDERSON
Assistant United States Attorney
Supervisor

_____  Date: 11/30/2017
IAN NATHANIAL SMITH
Defendant

_____  Date: 30 Nov 2017
CHRYSTAL KRIER  David J. Freund
Assistant Federal Public Defender
Counsel for Defendant